UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

YAKIMA PACKAGING AUTOMATION, INC.,

    Plaintiff,

v.

    Case No. 07-C-468

VOLM COMPANIES, INCORPORATED,

    Defendant.

**ORDER DENYING MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT**

Plaintiff Yakima Packaging Automation, Inc. ("Yakima"), seeks leave to file a second amended complaint ("SAC") in this patent infringement action, which it originally filed in the Eastern District of Washington on November 1, 2006. The SAC would add two claims against defendant Volm Companies, Inc. ("Volm"): (1) breach of a confidentiality agreement; and (2) defamation. Yakima contends that Volm would suffer no prejudice if leave is granted because only limited discovery has so far occurred. In addition, Yakima notes that it has only recently become aware of the conduct giving rise to the claim for defamation.

Volm vigorously opposes Yakima's motion. Volm first contends that Yakima's patent infringement action would be unnecessarily complicated by introduction of the two unrelated claims Yakima seeks to assert. In this regard, Volm notes that Yakima's patent action is one of two actions pending before the Court between these same parties. In Case No. 06-C-1192, Volm asserted eight

non-patent claims against Yakima arising out of the longstanding business relationship between the parties in which Volm served as a dealer for Yakima's automatic high-speed bailer which practices the methods of packaging described and claimed in the patent that is the subject of this case. Yakima's efforts to compel Volm to bring its claims as counterclaims in this action when it was pending in the Eastern District of Washington failed, and instead Volm's motion to transfer venue of Yakima's action to this Court was granted. At the June 22, 2007, telephone scheduling conference conducted on both cases which were then pending before this Court, Yakima's informal request to consolidate the cases for trial was strongly opposed by Volm and denied by the Court with the explicit acknowledgment that the issue could be revisited at a later time. Noting that the confidentiality agreement that is the subject of one of the new claims in Yakima's SAC was signed contemporaneously and is intertwined with the dealership agreement that is the subject of its action, Volm argues that Yakima's SAC is really an attempt to circumvent the Court's previous ruling that the cases would be kept separate. Volm contends that Yakima's contract claim concerning the confidentiality agreement should have been brought, if at all, as a compulsory counterclaim to its action against Yakima for breach of the dealership agreement. Having failed to assert it in a timely manner in that case, Volm contends that Yakima is now improperly seeking to assert it in this case. Because neither that claim, nor Yakima's claim for defamation have anything to do with the patent issues in this case and would undermine the Court's effort to keep the patent and non-patent claims separate, Volm argues that Yakima's motion for leave to file its SAC should be denied.

Although a district court has discretion to deny leave to amend a complaint after a responsive pleading has been filed, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The terms of the rule, however, do not mandate that leave be granted in

every case." *Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002). "Reasons for finding that leave should not be granted include 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment. . . .'" *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 466 (7th Cir. 2007) (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In this case, I conclude leave should not be granted for Yakima to add its claim for breach of the confidentiality agreement. Yakima commenced this action over a year ago. Yet, it offers no justification for its delay in seeking to assert the new contract claim other than its own counsels' disagreement over litigation strategy. Yakima does not claim that it has recently learned of facts giving rise to the claim, and it clearly knew of the existence of the confidentiality agreement from the beginning since it is a party to the agreement. *See Las Vegas Ice and Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) ("Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.")

Under the scheduling order entered by the Court, initial expert witness disclosures are due on December 10, 2007, with rebuttal disclosures on January 31, 2008. Discovery closes on February 28, 2008. In the meantime, the parties are exchanging claim construction briefs and a claim construction hearing is set for January 10, 2008. To allow Yakima to add its breach of confidentiality claim at this point would almost certainly require modification of this schedule. It would likely require overseas travel by the parties to conduct discovery in the Netherlands, given Yakima's contention that Volm breached the confidentiality agreement when it partnered with a

3

Dutch company to build its automatic bailer. At the very least it would require an extension of time to allow experts to consider and formulate opinions concerning questions of liability and damages under this new theory of recovery. To permit Yakima at this late date to assert this new claim, which even some of its own attorneys apparently consider doubtful, without some justification for the delay would be unfair to Volm. It would likely increase significantly the costs and expenses Volm is already incurring in its defense of Yakima's patent infringement action and delay the resolution of the case. I therefore conclude that the claim for breach of the confidentiality agreement should not be allowed.

Although I reach the same conclusion with respect to Yakima's proposed defamation claim, the analysis is different. Yakima contends it only became aware of the facts supporting its defamation claim in September of 2007, when one of its unidentified customers allegedly reported that an unidentified Volm employee told him that Yakima was going out of business and would be unable to service its machines. Having only recently learned of the alleged facts giving rise to the claim, Yakima cannot be faulted for failing to assert it earlier. But this does not mean that the claim of defamation should be a part of this action. As Yakima acknowledges, the defamation claim "does not specifically relate to the patent." (Yakima Reply Br. at 6.) Indeed, the two claims are completely separate, resting on different facts, law and damages. Yakima is free to commence a separate action against Volm if it truly believes Volm has defamed it such that it has sustained damage. But it offers no reason why such a claim, devoid of any specifics, should be added to this action at this stage of the proceeding where the likely result would be to delay and complicate the case. I therefore conclude that leave to add the defamation claim should also be denied.

Accordingly and for the reasons stated above, Yakima's motion for leave to file a second amended complaint [97] is denied.

**SO ORDERED** this ___10th___ day of December, 2007.

                                                  s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge